# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>CONSUELO MARTIN, *et al.*,<br><br>Defendants. | **Case No. 1:17-cv-01752-DAD-EPG (PC)**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 20) |

  Devonte B. Harris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

  On September 24, 2018, Plaintiff filed a motion for appointment of *pro bono* counsel. (ECF No. 20). Plaintiff asks for appointment of counsel because he is unable to afford counsel; his likelihood of success on the merits; the "complexity of this matter," which "has caused the Attorney General's office to hire outside counsel for four of the defendants" and separate outside counsel for another defendant; and Plaintiff's "inability to adequately investigate all the relevant facts." (*Id.*)

  Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *see Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298

(1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citation omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **September 26, 2018**           /s/ *Erica P. Grosjean*
                                        UNITED STATES MAGISTRATE JUDGE